887 P.2d 1034

Neal THOMSON and Darla Thomson, husband and wife, Plaintiffs–Appellants,

v.

IDAHO INSURANCE AGENCY, INC., and Bob Keller, Defendants–Respondents.

No. 20340.

Supreme Court of Idaho, Coeur d'Alene, April 1994 Term.

Nov. 30, 1994.

Rehearing Denied Jan. 26, 1995.

Michael J. Verbillis, Coeur d'Alene, for appellants.

Elam & Burke, P.A., Boise, for respondents. Jeffery J. Ventrella argued.

SILAK, Justice.

This is an appeal from an order granting summary judgment in favor of an insurance agency and its majority shareholder which had been sued for negligent failure to procure insurance, and from an order denying motions to amend the judgment, reconsideration and for relief under I.R.C.P. 60(b). We vacate the order granting summary judgment, and reverse and remand this case for further proceedings consistent with this opinion.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In August 1989, the minor child of the Appellants, Neal and Darla Thomson (Thomsons), was seriously injured in an automobile collision caused by an uninsured drunk driver. The child suffered severe injuries, including a brain stem injury. At the time this appeal was filed, the Thomsons had allegedly incurred approximately $245,000 in medical expenses relative to the child's injuries.

Prior to the 1989 accident, the child had been injured in an accident involving an uninsured motorcyclist in 1986. At that time the Thomsons' uninsured motorist coverage carried a $100,000 limit of liability. At the conclusion of the prosecution of that uninsured claim, the Thomsons were informed by their counsel that it would be prudent to increase their uninsured and underinsured motorist coverage to $500,000.

In early 1989, Darla Thomson communicated this request to the Respondents Idaho Insurance Agency Inc. and Bob Keller (respondents or Keller), with whom she and her husband had done business for many years. Keller is the majority shareholder and secretary/treasurer of the respondent insurance agency and is a licensed agent. Several days later, Mrs. Thomson contacted Keller to find out the status of her request. Keller stated that she would be receiving a letter from the insurer, North Pacific Insurance Company, that it declined to increase the uninsured and underinsured motorist coverage because of the 1986 claim. Mrs. Thomson then allegedly asked Keller if anything else could be done regarding her request for increased coverage. Keller replied in the negative and told her that she should stay with the incumbent coverage. Mrs. Thomson claims that at no time during this conversation did Keller inform her that he represented four other automobile liability insurance companies, nor did he inform her that if the family wished to obtain higher insurance limits, he could refer them to another insurance agency. The respondents claim that in the weeks and months following this telephone conversation, the Thomsons never again voiced this request. They allege that the Thomsons accepted the coverages as they existed and never "shopped around" with a different agency as they had in the past. The second accident involving their son occurred approximately eight months later.

The Thomsons sued the respondents, alleging that Keller had been negligent by failing to increase their existing automobile policy's uninsured and underinsured coverages from $100,000 to $500,000, and that this failure left them inadequately compensated following their son's accident in 1989.

The respondents moved for summary judgment arguing that there was a lack of evidence in the record showing that Keller or his agency owed a duty to the Thomsons, or, if such duty existed, that they breached any such duty. Thereafter, the district court entered an order granting the respondents' motion for summary judgment. Although the court found there was sufficient evidence to support the allegation that a duty existed in this case, and that there were material factual issues in dispute as to whether a breach

had occurred, it concluded that the Thomsons had not carried their burden regarding proximate causation, and granted the respondents' summary judgment motion on this ground.

The Thomsons then filed a motion for order amending judgment, motion for reconsideration, and motion for relief under I.R.C.P. 60(b). The district court denied the motions and entered summary judgment for respondents. The Thomsons appeal.

## II.

### ISSUES ON APPEAL

1. Whether there were material factual issues in dispute, rendering summary judgment improper.

2. Whether the trial court, in ruling on the summary judgment motion, should have considered issues not raised in the movant's briefing.

3. Whether the trial court should have granted relief under Rule 60(b) I.R.C.P. and extended to appellants notice and an opportunity to be heard before considering an issue not raised by respondents, but utilized by the trial court in disposing of this cause in summary fashion.

## III.

### ANALYSIS

**A. MATERIAL DISPUTED FACTUAL ISSUES REMAIN IN THIS CASE, RENDERING SUMMARY JUDGMENT IMPROPER.**

As a preliminary matter, we note our standard of review. In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on a motion for summary judgment. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the

non-moving party. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991).

The basis of the Thomsons' suit against the respondents is their alleged negligent failure to procure increased uninsured and underinsured motorist coverage. To prove common law negligence, the Thomsons must establish four elements: (1) a duty, recognized by law, requiring the respondents to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the respondents' conduct and the resulting injury (proximate causation); and (4) actual loss or damage. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank*, 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991). This Court has held that nonfeasance by an insurance agent, *i.e.*, the failure to procure insurance, gives rise to a tort action arising from the negligent breach of a professional duty to provide insurance. *McAlvain v. General Ins. Co. of Am.*, 97 Idaho 777, 780, 554 P.2d 955, 958 (1976). In *McAlvain, supra*, we found that a person in the business of selling insurance holds himself out to the public as being experienced and knowledgeable in a field which is complex and specialized. Thus, this Court held that because normally, an insured will reasonably rely on the agent's expertise, if that agent performs services negligently to the insured's injury, the agent should be held liable for that negligence, as would an attorney, physician or other professional. *Id.*

In their summary judgment motion, the respondents argued that any legally recognized duty which may have been owed to the Thomsons was discharged. They claimed that because there were no disputed material factual issues with respect to the elements of duty and whether there was a breach of such duty, summary judgment was appropriate. The Thomsons responded by filing an affidavit of Fred A. Harris, a licensed insurance

agent with twenty years experience in the insurance business. Harris essentially stated that, in his expert opinion, the respondents' duty in procuring the increased insurance was broader than that which they argued. The district court concluded that sufficient evidence existed in support of the Thomsons' allegation that a duty existed in this case. The court further found that material factual issues existed with respect to whether Keller breached that duty.

█ We agree with the district court that disputed factual issues exist with respect to the breach of duty issue and whether Keller conducted himself as a reasonable broker would have under like circumstances. Pursuant to *McAlvain, supra*, the Thomsons were entitled to rely on Keller to procure additional coverage because Keller was a professional who had particular skills, knowledge and expertise the Thomsons did not possess, and in whom a certain trust was placed. The record indicates that it is disputed as to the steps actually taken by Keller in attempting to procure the requested insurance. Darla Thomson claims that at no time did Keller inform her that he represented four other automobile insurance companies, and that no representative of respondent Idaho Insurance Agency made contact with the other companies on this issue. Keller, on the other hand, claims that he advised Thomson that none of the other carriers with which his agency worked would issue the requested coverages. Thus, triable disputed factual issues exist in this case as to whether Keller breached his duty to the Thomsons. Summary judgment therefore should have been denied for this finding alone. The district court, however, erroneously granted the motion on other grounds which we discuss below.

## B. IN RULING ON THE MOTION FOR SUMMARY JUDGMENT, THE DISTRICT COURT SHOULD NOT HAVE CONSIDERED ISSUES NOT RAISED IN THE MOVANT'S BRIEFING.

█ Although the district court ruled that there were disputed material factual issues regarding the elements of duty and breach,

the court concluded that the Thomsons had not shown sufficient material facts from which the court could find a genuine issue regarding the element of proximate causation. The Thomsons argue that the district court should not have granted summary judgment on the issue of proximate causation because the respondents never raised this issue in their motion. The Thomsons claim that the court erred by misinterpreting the decisions in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Badell v. Beeks*, 115 Idaho 101, 765 P.2d 126 (1988). We agree.

The record in this case indicates that the only argument raised by the respondents in their motion for summary judgment was that the Thomsons had allegedly failed to raise disputed material factual issues with respect to the elements of duty and breach. In fact, respondents averred in their reply memorandum on the summary judgment motion that: "This entire matter pivots upon a basic legal question: what *duty* is properly imposed upon an insurance broker or agent when that agent receives a request to increase an insured's coverage". (Emphasis added). This Court recently held that the party responding to a summary judgment motion is not required to present evidence on every element of his or her case at that time, but rather must establish a genuine issue of material fact regarding the element or elements *challenged* by the moving party's motion. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 273, 869 P.2d 1365, 1368 (1994). Thus, with respect to the present case, we hold that because the respondents did not raise the issue of proximate causation in their motion and supporting evidentiary material, the Thomsons were not required to address this element of negligence even though they will ultimately have to prove it at trial.

█ Our holding is consistent with the decisions in *Celotex, supra* and *Badell, supra*. Those cases stand for the principle that a moving party is entitled to summary judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the

burden of proof at trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Badell*, 115 Idaho at 102, 765 P.2d at 127. In applying this principle to the present case, then, respondents would have been entitled to summary judgment had the Thomsons failed to make a showing that disputed material facts existed with respect to the elements of duty and breach, since these are the elements of negligence upon which the respondents moved. However, the district court erred by applying the *Celotex* and *Badell* doctrine to mean that when a party moves for summary judgment on one issue, then the nonmoving party must respond as to all issues and submit factual materials on all issues, even though those "issues" have not been asserted, because the nonmoving party (in this case the Thomsons), will have the ultimate burden of proving every element of their case at trial. Pursuant to our holding in *Farm Credit Bank of Spokane v. Stevenson, supra*, if the movant does not challenge an aspect of the nonmovant's case in that party's motion, the nonmovant is not required to address it at the summary judgment stage of the proceedings.

■ Our holding is also consistent with *Thompson v. Pike*, 122 Idaho 690, 838 P.2d 293 (1992), in which this Court was called upon to review the propriety of the granting of summary judgment by the trial court in an attorney malpractice case. The defendant's attorney filed a summary judgment motion arguing, *inter alia*, that there was no evidence that Pike breached the standard of practice for attorneys or that Thompson suffered any actual damages as a result of the alleged malpractice. In considering this issue, this Court stated:

> Concerning the element of actual damages, with which Pike also joins the element of proximate cause, Pike did not support her motion with *any evidence* showing the absence of any genuine issue of material fact that Pike's alleged conduct was the proximate cause of any actual damages to Thompson. *In the absence of evidence supporting the motion as to these elements, Thompson had no burden to respond with evidence supporting actual damages proximately caused by Pike's conduct.*

122 Idaho at 698, 838 P.2d at 301. (Emphasis added). Thus, the principle enunciated in *Thompson* was that if a party moving for summary judgment raises issues in his motion but then fails to provide any evidence showing a lack of any genuine issue of material fact with respect to those issues, the nonmoving party has no burden to respond with supporting evidence.

■ This Court has consistently held that when a party moves for summary judgment, the initial burden of establishing the absence of a genuine issue of material fact rests with that party. *Tingley v. Harrison*, 125 Idaho 86, 89, 867 P.2d 960, 963 (1994) ("The burden of proving the absence of a material fact rests at all times upon the moving party."); *See also Harris v. State, Dep't. of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992); *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). Thus, it follows that if the moving party fails to challenge an element of the nonmovant's case, the initial burden placed on the moving party has not been met and therefore does not shift to the nonmovant. In the present case, not only was there no evidence showing a lack of proximate cause, but no argument was even offered to the district court on this element of negligence by the respondents. The district court improperly seized upon the proximate cause issue *sua sponte*. The burden never shifted to the Thomsons to provide evidence of proximate causation because the respondents never raised the issue in the first place. Thus, we hold that the district court erred in granting the respondents' motion for summary judgment on the basis that the Fred Harris affidavit was insufficient to establish proximate cause.[1]

---

1. On the issue of proximate cause, Harris' affidavit stated:

   "[T]he Thomson family would have been able to have placed the coverage that they had requested in early 1989, that is liability, unin-sured and underinsured motorist coverage in the amounts of $500,000 for each, with a reputable insurance company doing business in the State of Idaho in 1989 ..."

Because we reverse the district court's order of summary judgment, we do not reach the issue of whether the court should have granted relief to the Thomsons under I.R.C.P. 60(b).

## IV.

### CONCLUSION

The district court erred by granting summary judgment on the basis that the Thomsons failed to respond to the summary judgment motion with evidence sufficient to create a genuine issue of material fact on proximate causation. The respondents did not raise this issue in their motion and failed to support their motion with any evidence showing the absence of any genuine issue of material fact concerning proximate causation. Therefore, the Thomsons were not required to respond. Accordingly, the order of the district court is reversed and remanded for further proceedings consistent with this opinion.

No attorney's fees on appeal. Costs on appeal to appellants.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, concur.