899 P.2d 977

STATE of Idaho, Plaintiff–Respondent,

v.

SHAMA RESOURCES LIMITED PARTNERSHIP, an Idaho Limited Partnership; Lawrence W. McGary, Maranatha Management Corp., an Idaho corporation, Defendants–Appellants.

No. 21137.

Supreme Court of Idaho,
Twin Falls, March 1995 Term.

July 26, 1995.

Cantrill, Skinner, Sullivan & King, Boise, for defendants-appellants. David R. King argued.

Alan G. Lance, Atty. Gen., Mary E. Hughes, Deputy Atty. Gen., for plaintiff-respondent. Mary E. Hughes argued.

McDEVITT, Chief Justice.

This is an appeal from a grant of summary judgment in favor of the State of Idaho, Department of Finance (the Department) against Lawrence W. McGary (McGary). The Department alleged that McGary violated the Idaho Securities Act by offering and selling unregistered securities through an unregistered broker-dealer and by engaging in fraudulent activities in the offer and sale of the securities. The Department sought injunctive relief, which was granted by the trial court.

## I.

### BACKGROUND AND PROCEDURE

Shama Resources Limited Partnership (Shama), located in Ketchum, Idaho, is an Idaho limited partnership involved in mining ventures. McGary and Maranatha Corporation (Maranatha) were general partners in Shama. Shama offered and sold securities in the form of limited partnership interests and promissory notes. The parties agree that the Shama limited partnership interests are securities within the definition of the Idaho Securities Act. I.C. § 30–1402(12). The securities offered and sold were unregistered, and the offerors, Shama and McGary, were not registered broker-dealers.

The Department filed a complaint against Shama, McGary, and Maranatha seeking injunctive relief enjoining these parties from offering and selling unregistered securities by an unregistered broker-dealer and from committing fraud in connection with the sale of securities in violation of the Securities

Act.[1] In response, McGary asserted that the offerings and sales of the Shama securities were exempt from registration under the nonpublic offer and limited offer exemptions [2] and that no fraud was committed in the offering or selling of the limited partnership interests.

A default judgment was entered against Shama and Maranatha on January 25, 1991, and the case proceeded against McGary. The Department moved for summary judgment and filed affidavits on its behalf. McGary responded to the motion by filing a response and affidavits on his behalf. Before the trial court, the Department objected to the sufficiency of the McGary affidavits, pursuant to I.R.C.P. 56(e). The Department contended that the affidavits lacked sufficient foundation, that the statements contained in the affidavits would not be admissible at trial, that the affidavits presented information about which the affiants did not have personal knowledge, and that the statements in the affidavits were conclusory.

On January 24, 1994, the trial court rendered its decision granting summary judgment in favor of the Department and grant-ing the permanent injunction against McGary. The injunction prohibited McGary from selling or offering for sale nonexempt, unregistered securities by an unregistered broker-dealer and from engaging in fraudulent activities while engaged in or in connection with the offer, sale, or purchase of any security. The trial court held that, pursuant to I.R.C.P. 56(e), the affidavits filed by McGary were insufficient in that they did not show that the exemption requirements were met with respect to each purchaser and offeree and were conclusory in nature. The trial court determined that the McGary affidavits were not based on personal knowledge, and were impermissibly based on hearsay. Additionally, the trial court determined that the affidavits lacked specific facts and foundation to support McGary's affirmative defenses. The trial court rejected the McGary affidavits and relied exclusively on the affidavits provided by the Department in granting summary judgment for the Department. Based on the affidavits and evidentiary material in the record properly before it, the trial court concluded that McGary failed to present evidence establishing that he qual-

1. Because this action was initiated in 1989, the 1987 version of I.C. § 30–1416 (1987) and the 1967 versions of I.C. §§ 30–1403, 1406 will be used in the analysis of this case. H.B. 99, 1987 Idaho Sess. Laws, ch. 120, § 3, p. 234; H.B. No. 110, 1991 Idaho Sess. Laws, ch. 270, §§ 2, 4, p. 662. I.C. § 30–1406 (1967) provides:

> It is unlawful for any person to transact business in this state as a broker-dealer or salesman, except in transactions exempt under section 30–1435, unless he is registered under this act. It is unlawful for any person to transact business in this state as an investment adviser unless
> (1) he is so registered under this act, or
> (2) he is registered as a broker-dealer under this act, or
> (3) his only clients in this state are investment companies as defined in the Investment Company Act of 1940 or insurance companies.

I.C. § 30–1416 (1987) provides:
> It is unlawful for any person to sell or to offer to sell any security in this state, except securities exempt under section 30–1434, Idaho Code, or except securities sold in transactions exempt under section 30–1435, Idaho Code, unless such security is registered by notification, coordination or qualification under this act.

I.C. § 30–1403 (1967) provides:

> It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly,
> (1) to employ any device, scheme or artifice to defraud,
> (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading or
> (3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

2. I.C. § 30–1435 was amended in 1991. H.B. 110, 1991 Idaho Sess. Laws, ch. 270, § 14, p. 662. Because this action was commenced in 1989, the earlier version will be used in this case. Under I.C. § 30–1435(1) (1976), "any isolated transaction or sales not involving a public offering" are exempt from the registration provisions of I.C. §§ 30–1406, 1416. I.C. § 30–1435(8) (1976) exempts from registration any transaction pursuant to a limited offering, where the seller reasonably believes that all buyers are purchasing for investment purposes and where no commission or other remuneration is paid for soliciting any prospective buyer. I.C. § 30–1435(8). A limited offering under the provision is one made to not more than ten (10) persons in the state during any twelve (12) consecutive months. I.C. § 30–1435(8).

ified for the nonpublic offering or the limited offering exemption from registration under the Securities Act. The trial court also concluded that McGary omitted material facts in connection with the offer and sale of the securities in violation of I.C. § 30–1403. The sole issue on appeal is whether the trial court properly granted summary judgment in favor of the Department. We affirm the decision of the trial court.

## II.

## STANDARD OF REVIEW

■ This Court reviews the trial court's ruling on a motion for summary judgment by employing the same standard properly employed by the trial court when originally ruling on the motion. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). Summary judgment is proper "if the pleadings, depositions, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). The party moving for summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Tingley v. Harrison*, 125 Idaho 86, 89, 867 P.2d 960, 963 (1994); *Harris v. Department of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). Once the moving party establishes the absence of a genuine issue, the burden shifts to the nonmoving party to make a showing of the existence of a genuine issue of material fact on the elements challenged by the moving party. *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 530–31, 887 P.2d 1034, 1037–38 (1994). I.R.C.P. 56(c) requires the entry of summary judgment against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and in which that party will bear the burden of proof at trial." *Olsen v. J.A. Freeman*, 117 Idaho 706, 720–21, 791 P.2d 1285, 1299–1300 (1990) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). This Court, as well as the trial court in its initial ruling, is to liberally construe the record in favor of the party opposing the motion and draw all reasonable inferences and conclusions in that party's favor. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). However, the threshold question before this Court is whether the trial court erred in its determination of the admissibility of the evidence presented in support of or in opposition to the summary judgment motion. *See Hecla Mining Co. v. Star–Morning Mining Co.*, 122 Idaho 778, 784, 839 P.2d 1192, 1198 (1992).

## III.

## THE TRIAL COURT PROPERLY REJECTED THE AFFIDAVITS PRESENTED BY McGARY FROM CONSIDERATION FOR SUMMARY JUDGMENT

During the arguments before the trial court, the Department challenged the sufficiency of the affidavits submitted by McGary, pursuant to I.R.C.P. 56(e). The Department claimed that the affidavits presented by McGary were insufficient. According to the Department, the claims made by McGary in his affidavits were conclusory and not within the knowledge of the affiants. The Department asserted that McGary made broad claims about all of the offerees and investors and did not make specific showings for each offeree or investor. The Department claimed that McGary failed to make a showing as to each element of his asserted exemptions, that the affidavits were not based on sufficient foundation, and that the statements contained in the affidavits would not be admissible at trial.

The trial court, in rendering its decision, rejected the affidavits presented by McGary on the grounds that the affidavits contained allegations of essential issues that were insufficient, conclusory, and based on hearsay. The trial court additionally found that the affidavits were not based on personal knowledge and did not set forth specific facts to support McGary's affirmative defenses, as required in I.R.C.P. 56(e).

■ I.R.C.P. 56(e) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

The requirements of Rule 56(e) are not satisfied by an affidavit that is conclusory, based on hearsay, and not supported by personal knowledge. *See Oats v. Nissan Motor Corp. in U.S.A.,* 126 Idaho 162, 166, 879 P.2d 1095, 1099 (1994); *Ivey v. State,* 123 Idaho 77, 80–81, 844 P.2d 706, 709–10 (1992). Only material contained in affidavits or depositions that is based upon personal knowledge or that is admissible at trial will be considered by this Court. *Harris,* 123 Idaho at 298, 847 P.2d at 1159.

■ The Department, in support of its summary judgment motion, presented affidavits and admissions to establish that McGary offered and sold unregistered securities through an unregistered broker-dealer and that McGary committed securities fraud. In response, McGary submitted affidavits and attached exhibits to establish the existence of a genuine issue on the elements challenged by the Department. The affidavits presented by the Department contain information within the personal knowledge of the affiants and provide sufficient foundation for the assertions contained in the affidavits. The Department's affidavits were properly before the trial court for consideration on summary judgment.

■ The affidavits presented by McGary, on the other hand, do not meet the requirements of Rule 56(e). Rule 56(e) requires that the affidavits be based on the personal knowledge of the affiants and that the affidavits shall present facts that would be admissible in evidence. I.R.C.P. 56(e). The McGary affidavits were not based upon the personal knowledge of the affiants. The McGary affidavits made generalizations about all of the offerees and investors in Shama and declarations about information supposedly known by the Shama offerees and investors without statements by those individuals. Additionally, the affidavits made suppositions about the beliefs and expectations of other offerees and investors. The McGary affidavits also presented insufficient and nonspecific statements denying that McGary committed securities fraud. These statements were conclusory in nature and were unsupported by any factual basis or foundation. Finally, the McGary affidavits contained statements of hearsay that would not be admissible into evidence. We conclude that because the affidavits were not based on personal knowledge, were insufficient and conclusory in nature, and contained statements of hearsay that would not be admissible into evidence, all in violation of Rule 56(e), the trial court properly rejected the affidavits presented by McGary from consideration when ruling on the Department's motion for summary judgment.

### IV.

### McGARY FAILED TO ESTABLISH THAT THE OFFERINGS AND SALES OF SHAMA SECURITIES WERE EXEMPT FROM REGISTRATION AND THAT NO FRAUD WAS COMMITTED IN THE OFFERING OR SELLING OF SHAMA'S SECURITIES

We now turn to an analysis of the respective burdens of the parties in light of those affidavits that were properly before the court. The Department, being the moving party, was required to make a showing, through affidavits or other equally reliable evidentiary material, that McGary violated

the Idaho Securities Act. *See Harris,* 123 Idaho at 298, 847 P.2d at 1159. Under the Securities Act, it is unlawful for an Idaho limited partnership to sell its securities in Idaho, unless the securities are registered in Idaho or unless the securities are exempt from registration. I.C. § 30–1416. Additionally, a broker-dealer is prohibited from transacting business under the Idaho Securities Act, unless that person is registered or qualifies for one of the exemptions contained in the Act. I.C. § 30–1406; *Kinsela v. Department of Finance,* 117 Idaho 632, 633–34, 790 P.2d 1388, 1389–90 (1990). The Department met its burden of showing a violation of I.C. §§ 30–1406, 30–1416 by filing affidavits establishing that McGary offered and sold unregistered securities through an unregistered broker-dealer.

The Department also alleged that McGary committed securities fraud under I.C. §§ 30–1403(2), 1403(3). To establish fraud under I.C. § 30–1403(2), the Department must show that McGary made untrue statements of material fact or omitted any material facts in connection with the sale, offer, or purchase of any security. I.C. § 30–1403(2). To establish fraud under I.C. § 30–1403(3), the Department must show that McGary engaged in an act, practice, or course of business, which operated or would operate as a fraud or deceit upon any person. I.C. § 30–1403(3).

McGary argued that the Department was also required to show intent to establish fraud under the Securities Act. This Court has not previously determined whether the intent to defraud or deceive, scienter, is a required element to establish fraud under the Idaho Securities Act. *But cf. Department of Fin. v. Tenney,* 124 Idaho 243, 249, 858 P.2d 782, 788 (Ct.App.1993), (holding that detrimental reliance is not required under I.C. § 30–1403) *cert. denied,* —— U.S. ——, 114 S.Ct. 1097, 127 L.Ed.2d 411 (1994). We limit our discussion to the provisions of the Securities Act allegedly violated by McGary, I.C. §§ 30–1403(2), (3).

Examining the literal words of the statute and giving the statutory language its plain and literal meaning, as we are required to do, *Department of Health & Welfare v.*

*Lisby,* 126 Idaho 776, 890 P.2d 727, 730 (1995), we conclude that intent is not an element of securities fraud under I.C. §§ 30–1403(2), (3). The relevant portions of the Idaho Securities Act make it unlawful for any person "to make any untrue statement of a material fact", "to omit to state a material fact", or "to engage in any act, ... which operates ... as a fraud or deceit upon any person." I.C. §§ 30–1403(2), (3). There is nothing in the language of these provisions that indicates scienter is required to establish fraud. I.C. § 30–1403(2) prohibits the acts of omitting statements and making untrue statements of material fact and is not dependent upon the intent of the person committing those acts. I.C. § 30–1403(3), which prohibits any act that operates as to defraud, focuses on the effect of the act and not the intent of the actor. Under I.C. §§ 30–1403(2), (3), it is sufficient that the person engage in those enumerated activities, in connection with the offer, sale, or purchase of a security, to commit securities fraud under the relevant portions of the Idaho Securities Act. *See Aaron v. Securities & Exch. Comm'n,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980) (interpreting sections of the Securities Act of 1933, 15 U.S.C. § 77q(a), which are virtually identical to I.C. § 30–1403(2), (3), and concluding that scienter is not required under those provisions). We conclude that the Department was not required to make a showing of scienter under I.C. §§ 30–1403(2), (3).

The Department met its burden of establishing that McGary committed securities fraud under I.C. §§ 30–1403(2), (3) through the affidavits of investors and offerees who stated that McGary omitted material facts to them about McGary not being a registered broker-dealer and about the Shama securities being unregistered. Once the Department established the absence of a genuine issue of fact as to McGary's violation of I.C. §§ 30–1406, 1416, 1403(2), (3), the burden then shifted to McGary to establish the existence of a genuine issue of material fact on the challenged elements. I.R.C.P. 56(c); *see Thomson, v. Idaho Ins. Agency, Inc.,* 126 Idaho 527, 530–31, 887 P.2d 1034, 1037–38 (1994). McGary is not permitted to "rest

upon the mere allegations or denials of [his] pleadings, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e); *Hecla Mining Co.*, 122 Idaho at 783, 839 P.2d at 1197.

■■■ McGary asserted the affirmative defenses of exemption from registration under the Idaho Securities Act pursuant to the nonpublic and limited offering exemptions, I.C. § 30–1435(1), (8). The burden of proving an exemption rests upon McGary, the person claiming the exemption. I.C. § 30–1456; *Kinsela*, 117 Idaho at 634, 790 P.2d at 1390; *Frachiseur v. Mountain View Irrigation Co., Inc.*, 100 Idaho 336, 338, 597 P.2d 222, 224 (1979). The nonpublic offering exemption applies to securities that are offered or sold in an isolated transaction or pursuant to a private, nonpublic offering. I.C. § 30–1435(1). McGary's claim for exemption from registration under I.C. § 30–1435(1) is based on the offering being private in nature, and not based on an isolated transaction. I.C. § 30–1435(1) does not provide a definition of a nonpublic offering. However, case law has established that a nonpublic offer exists where securities are offered only to those who "possess enough intelligence, information and expertise to make a sound business judgment" or to those who have access to the type of information that would be contained in a registration statement. *Frachiseur*, 100 Idaho at 339, 597 P.2d at 225 (citing *S.E.C. v. Ralston Purina Co.*, 346 U.S. 119, 124–27, 73 S.Ct. 981, 984–85, 97 L.Ed. 1494 (1953)). The purpose of securities registration is to protect investors by promoting full disclosure of information necessary to make informed investment decisions. *Id.* Thus, an offering made to persons who are in need of protections of a registration statement and who are not able to fend for themselves, is not a nonpublic offering. *Id.* To establish a nonpublic offer exemption under I.C. § 30–1435(1), McGary must make a showing that each of the offerees had access to the type of information available in a registration statement such that they did not require the protections of a registration statement.

The second exemption sought by McGary applies to limited offers where the seller reasonably believes that all buyers are purchasing for investment purposes, and that no commission or other remuneration was paid or given directly or indirectly for soliciting any prospective buyer. I.C. § 30–1435(8). A limited offer is one where the offerings are made to not more than ten (10) persons within twelve (12) consecutive months. *Id.* To establish that the limited offering exemption applies, McGary must make a showing that the offer was limited in nature, that McGary reasonably believed that each of the offerees and purchasers intended their purchase of Shama securities to be for investment purposes, and that McGary received no commission or remuneration for soliciting a prospective buyer.

McGary must also establish the existence of a genuine issue of material fact that he did not commit securities fraud, i.e., that he did not make any untrue statements of material fact, omit any material facts in connection with the offerings and sales of Shama securities, and did not engage in any act which operated or would operated as a fraud or deceit upon any person. I.C. §§ 30–1403(2), (3).

■■■ As discussed above, the Department met its burden of showing that no genuine issue existed as to McGary's violation of the Idaho Securities Act when McGary offered and sold unregistered securities through an unregistered broker-dealer. The Department also met its burden of showing the absence of a genuine issue of fact that McGary committed securities fraud in violation of I.C. § 30–1403(2), (3). The affidavits presented by the Department established that some of the Shama offerees and investors were unaware that the Shama securities were not registered and that McGary was not a registered broker-dealer. These misrepresented facts are material to the offerees and investors because the information may have resulted in an alteration of the offerees or investors investment decision.

Once the Department met its burdens, McGary was required to make a showing that a genuine issue of material fact exists on each of the elements challenged by the De-

partment. I.R.C.P. 56(c); *see Thomson*, 126 Idaho at 530–31, 887 P.2d at 1037–38. The burden of establishing an exemption under the Idaho Securities Act rests with McGary. I.C. § 30–1456; *Kinsela*, 117 Idaho at 634, 790 P.2d at 1390. As held above, the affidavits presented by McGary violated Rule 56(e) and were not properly before the court for consideration. McGary did not present any other evidence to the trial court in support of his claims. Absent any reliable evidentiary material that would meet the requirements of Rule 56(e), McGary failed to carry his burden under the nonpublic offer and limited offering exemptions. For the same reason, i.e., the lack of any affidavits or other evidentiary material that is properly before the court for consideration, McGary also failed to establish that a genuine issue of material fact exists on the issue of securities fraud.

We conclude that there is no genuine issue of material fact and that summary judgment was properly granted in favor of the Department. Costs on appeal are awarded to the Department.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.