943 P.2d 67

Ellis I. NANNEY, an individual,
Plaintiff–Respondent,

v.

LINELLA, INC., an Idaho corporation,
d.b.a. Grant Petersen Buick–Pontiac–
GMC, Defendant–Appellant.

No. 22554.

Court of Appeals of Idaho.

July 30, 1997.

Ringert, Clark Chtd., Boise, for appellant.
Patrick D. Furey argued.

Crandall Gilman Wight & Pica, L.L.P.,
Boise, for respondent. Derek A. Pica ar-
gued.

LANSING, Judge.

Ellis Nanney filed an action against Linella
Inc., d.b.a. Grant Petersen Buick–Pontiac–
GMC (hereinafter referred to as "Petersen"
or "the dealership") to recover damages after
Petersen repossessed a truck Nanney had
purchased. On Nanney's motion the district
court granted summary judgment against

Petersen on the issue of liability. A jury trial was conducted to determine the amount of damages, and judgment was entered on the jury's verdict. Petersen now appeals, arguing that summary judgment on liability ought not have been granted because there existed genuine factual issues concerning the existence and terms of the contract for the purchase of the truck. We find no error in the summary judgment order and therefore affirm.

## FACTS AND PROCEDURAL BACKGROUND

According to uncontroverted evidence presented on Nanney's motion for summary judgment, the following occurrences underlay this litigation. On October 6, 1993, Ellis Nanney purchased a 1993 truck from Petersen. For a down payment, Petersen accepted from Nanney an unfunded check, to be funded at a later date, in the amount of $5000. The balance of the purchase price was financed through an installment sale contract, which Petersen later assigned to General Motors Acceptance Corporation (GMAC).

Within ten days of this purchase, Nanney returned the truck to Petersen, asserting that the vehicle's gas mileage was far below what had been represented to him by a Petersen salesperson in negotiating the sale. The salesperson acknowledged that she had been mistaken about the gas mileage information she gave to Nanney. The 1993 truck was left on Petersen's lot, and Petersen loaned Nanney a truck to use pending a decision on the transaction. Nanney drove the loaner truck until early January, 1994. In the intervening period, Nanney made no payments to GMAC on the installment sale contract, and the down payment check was not funded.

On January 5, 1994, Nanney and Keith Pebley, Petersen's general manager, negotiated a new agreement for the purchase of a 1994 truck. Under this agreement Nanny "traded in" the 1993 truck, and Petersen agreed to pay GMAC the balance that Nanney owed on the contract for the 1993 truck.

Nanney made a $1,000 down payment on the 1994 vehicle and financed the balance under terms of an installment sale contract which identified Petersen as the seller and "creditor." Nanney was given possession of the 1994 truck and the documents necessary to obtain title. The next morning, Petersen learned that GMAC would not finance the 1994 transaction (by purchasing the sale contract from Petersen) because Nanney had not made payments on the 1993 contract. On January 19, 1994, GMAC repossessed the 1993 vehicle from Petersen's lot. When no other lender could be found who would finance Nanney's purchase of the 1994 truck, Petersen repossessed the 1994 vehicle on January 26, 1994, before the first installment payment was due.

Nanney thereafter brought this action, alleging that Petersen had breached the 1994 contract and converted the 1994 truck by wrongfully repossessing it. Petersen counterclaimed, seeking to recover the alleged deficiency remaining on the 1993 contract, which GMAC had assigned back to Petersen.

The trial court concluded that evidence presented on Nanney's summary judgment motion established that the parties had made an enforceable contract for the sale of the 1994 vehicle, that the contract was not contingent upon financing by GMAC, and that Petersen had breached the contract by failing to pay the balance owed to GMAC on the 1993 contract as it had agreed to do and by repossessing the 1994 vehicle when there had been no default by Nanney. The court therefore granted partial summary judgment determining that Petersen was liable for breach of contract and conversion, but reserved the issue of damages for trial. Following a jury trial to determine damages, the district court entered judgment and awarded attorney fees to Nanney.[1]

On appeal, Petersen contends there are issues of fact which should have prevented the partial summary judgment, including (a) whether the 1994 contract was subject to a condition precedent that GMAC provide financing; (b) whether, as a term of the 1994 contract, Petersen agreed to pay the entire balance owed for the 1993 vehicle; and (c)

---

1. Petersen voluntarily withdrew its counterclaim prior to trial.

whether Petersen waived any claim to payment on the unfunded $5,000 check given as a down payment for the 1993 vehicle. Petersen also asserts that the district court erred in striking Petersen's objection to Nanney's claim for attorney fees.

## ANALYSIS

### A. Summary Judgment

■ A motion for summary judgment must be granted if the record demonstrates that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995). In evaluating a summary judgment motion, the court must construe evidence in the record in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Id.; G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994). On appellate review, we employ this same standard, exercising free review in our determination whether there are genuine, material factual issues and whether the movant is entitled to judgment. *Avila, supra; Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986).

■ The evidence presented in favor of Nanney's summary judgment motion included not only his own deposition testimony, but also the depositions of three Petersen employees and a representative of GMAC. Petersen acknowledges that this evidence would have been sufficient to support a finding at trial that a contract on the 1994 vehicle had been formed and breached by Petersen, but Petersen maintains that in the summary judgment context the trial court impermissibly resolved factual issues and failed to draw inferences in Petersen's favor.

Petersen first contends that there was a factual issue as to whether a contract had been formed at all or was conditional upon the parties' obtaining GMAC's consent to finance the purchase. However, as the district court indicated, there is no support in the record for Petersen's position. Nothing in the purchase order or the retail installment sale contract indicates they are conditional upon financing or any other contingency. The 1994 transaction was negotiated between Nanney and Petersen's general manager, Keith Pebley. According to Nanney's deposition testimony, Pebley told him that the financing had already been approved by GMAC and Pebley gave no indication that there was anything conditional about the contract. This testimony was supported by Petersen's finance manager. She testified that on the day of the transaction she conversed with Pebley, who said that he had telephoned GMAC and obtained an assurance that GMAC would finance the contract. She also testified that Petersen did not ordinarily deliver a vehicle until the financing arrangements were concluded. In this instance, the finance manager acknowledged, Nanney not only took possession of the vehicle but also was given the necessary documents to obtain title. Significantly, Petersen did not offer any affidavit or deposition testimony from Pebley, who negotiated the sale on Petersen's behalf.

■ Petersen did place in evidence an affidavit of Craig Petersen, identified in the affidavit as the general manager of the dealership, apparently having replaced Pebley in that position. Craig Petersen's affidavit states that "financing from an outside source was required to complete the purchase transaction" for the 1994 truck. However, Craig Petersen did not participate in any of the negotiations or transactions between Nanney and the dealership, and consequently, this assertion has no evidentiary value because it is a mere conclusory allegation and is not based upon personal knowledge of the transaction.[2] On summary judgment motions,

---

2. Craig Petersen's affidavit also states that documents necessary to transfer title to the vehicle were not delivered to Nanney. However, after execution of this affidavit, Nanney's attorney deposed the dealership's finance manager, who had

prepared the documents in question. She testified that Nanney was given the documents necessary to obtain title and to register the vehicle in his own name. Subsequently, both in its brief submitted to the district court and at the hearing

"supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify about the matters stated therein." I.R.C.P. 56(e). When reviewing a summary judgment, this Court will consider only testimony and affidavits or depositions which are based upon personal knowledge and which would be admissible at trial. *State v. Shama Resources Ltd.*, 127 Idaho 267, 271, 899 P.2d 977, 981 (1995); *Cates v. Albertson's Inc.*, 126 Idaho 1030, 1033, 895 P.2d 1223, 1226 (1995); *Harris v. State, Dep't of Health*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992); *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 869, 452 P.2d 362, 366 (1969). Moreover, where an affidavit merely makes conclusory assertions, unsupported by specific facts, it is insufficient to raise a genuine issue of fact. *State, ex rel. Department of Labor & Indus. Servs. v. Hill*, 118 Idaho 278, 284, 796 P.2d 155, 161 (Ct. App.1990); *Bob Daniels and Sons v. Weaver*, 106 Idaho 535, 541, 681 P.2d 1010, 1016 (Ct. App.1984); *Barlow's, Inc. v. Bannock Cleaning Corp.*, 103 Idaho 310, 314, 647 P.2d 766, 770 (Ct.App.1982).

Because all of the competent evidence, including the testimony of Petersen's own finance manager, supports Nanney's testimony, the district court did not err in concluding that there was no genuine factual issue as to whether the contract was conditional upon the acquisition of financing. As the district court observed, "If Grant Petersen relied to its detriment on the agreement of GMAC to accept the financing in making the sale, its remedy was against GMAC, not repossession proceedings against plaintiff."

■ Petersen next contends there is a factual issue as to whether the 1994 agreement called for Petersen to pay to GMAC the entire balance owed on the 1993 contract or only so much as would have been owed if Nanney had been current in his payments on that contract. That is, Petersen asserts there is a question as to whether it was Nanney's obligation to cure the three-month default by making payments on the 1993 contract that fell due prior to formation of the 1994 contract.

The factual issue which Petersen posits is not raised by the evidence. According to Nanney's evidence, under the 1994 agreement Petersen would "buy back" the 1993 vehicle and pay the balance owed to GMAC. Nanney acknowledges that, under the 1994 agreement, he was to make a lump sum payment of $1,066 on April 16, 1994, and that this figure represented interest accrued for the three-month delinquency on the 1993 installment contract. Nanney's explanation of the agreement is supported by the purchase order for the 1994 vehicle which lists "$0.00" as the "balance owed on trade in." It is also supported by the testimony of a GMAC employee who said that Pebley discussed with him that the purchase of the 1994 pickup would "pay off the 1993 pickup." The entry on the installment contract requiring the one-time payment of $1,066 further confirms that this three-month's worth of interest was all that Nanney was required to pay on the 1993 contract after conclusion of the 1994 transaction. On appeal, Petersen theorizes a different explanation for the $1,066 lump sum payment. However, this alternative explanation is not only presented for the first time on appeal, it is also contradicted by the testimony of Petersen's finance manager, who acknowledged that the payment was to cover three months' interest on the 1993 contract.

■ Petersen's final challenge to summary judgment concerns the unfunded $5,000 check delivered by Nanney as a down payment on the purchase of the 1993 truck. Petersen complains that "The [district court's] Memorandum Decision makes absolutely no mention whatsoever of the $5,000 Nanney still owed Grant Petersen to cover the worthless personal check he had given it in connection with the 1993." Precisely why Petersen believes this omission from the Memorandum Decision to be significant is not clear. What is clear is that if Petersen is asserting a material factual issue regarding the $5,000 check, it is an issue being raised

on the summary judgment motion, Petersen's counsel admitted that Nanney received the docu-

mentation that would allow him to title the vehicle in his name.

for the first time on appeal. Petersen presented no evidence controverting Nanney's claim that the 1994 transaction essentially wiped the slate clean with respect to the 1993 contract. Petersen neither argued to the trial court nor presented any evidence that the satisfaction of the $5,000 down payment on the 1993 transaction was a condition of the 1994 agreement, nor did Petersen assert that its decision to repossess the 1994 truck was occasioned in any way by Nanney's failure to pay $5,000 on the 1993 truck that he possessed no more than ten days. If Petersen believed there was some material factual issue related to the $5,000 check, it was incumbent upon Petersen to identify this factual issue in the trial court. *See Shama Resources Ltd.,* 127 Idaho at 270, 899 P.2d at 980 (Once the party moving for summary judgment establishes the absence of a genuine issue, the burden shifts to the nonmoving party to make a showing of the existence of a genuine issue of material fact.). Undoubtedly, the district court here omitted mention of the $5,000 check in its *Memorandum Opinion* because no issue regarding that check had been asserted to the court, and we find no error therein.

Petersen's assertions on appeal of factual issues material to the summary judgment motion are unsupported by the record and are generally inconsistent with the testimony of Petersen's own personnel. Petersen has demonstrated no error in the district court's grant of partial summary judgment holding Petersen liable for breach of contract and conversion.

## B. Trial Court's Award of Attorney Fees

Following the jury's determination of damages, Nanney sought an award of attorney fees pursuant to I.C. Sections 12–120(3) and 12–121. After the submission of Nanney's memorandum of costs and fees, Petersen filed a motion pursuant to I.R.C.P. 54(b)(6) and 54(e)(6) to disallow the fees. Petersen's motion stated: "[Petersen] ... hereby objects to the attorney fees claimed as costs by plaintiff Nanney in his memorandum of costs by the filing and serving of this motion to disallow same on the grounds and for the reasons set forth in the memorandum

defendant will file in support hereof." No supporting memorandum was ever filed. Consequently, Nanney filed a motion asking the court to strike Petersen's objection to the fee request on the ground that, by failing to articulate any specific objection, Petersen had waived its right to object to the fees claimed. A consolidated hearing was conducted on Nanney's cost memorandum and Petersen's motion to disallow attorney fees, and it was not until the argument at that hearing that any grounds were stated for Petersen's objection. The trial court granted Nanney's motion to strike Petersen's objection, and then awarded costs and fees to Nanney in the full amount requested. On appeal, Petersen asserts that the court erred in striking its objection to the attorney fees claimed by Nanney.

Awards of costs and attorney fees are governed by I.R.C.P. 54(d) and 54(e). When attorney fees are requested by a litigant, the claimed fees must be included in the memorandum of costs filed with the court. I.R.C.P. 54(d)(5) and 54(e)(5). An opposing party may object to a request for costs or attorney fees by filing a motion to disallow them within fourteen days after the cost memorandum has been served. I.R.C.P. 54(d)(6) and 54(e)(6). A failure to timely object to any items in the cost memorandum constitutes a waiver of all objections to the amount claimed. I.R.C.P. 54(d)(5); *Hooper v. State,* 127 Idaho 945, 949, 908 P.2d 1252, 1256 (Ct.App.1995). Rule 54(d)(6) "is designed to establish a deadline for informing the court of any objection to items claimed in the memorandum of costs" and "enables the trial court expeditiously to rule upon such objections and bring the case to a conclusion." *Operating Engs. Local Union 370 v. Goodwin Const. Co. of Blackfoot,* 104 Idaho 83, 85, 656 P.2d 144, 146 (Ct.App.1982).

Also significant is I.R.C.P. 7(b)(1), which requires that motions "state with particularity the grounds therefor" and that they "set forth the relief or order sought." This requirement of particularity is "real and substantial," and good practice "demands that the basis of a motion and the relief sought shall be clearly stated" so that the other party will not suffer surprise or prejudice.

*Patton v. Patton,* 88 Idaho 288, 292, 399 P.2d 262, 264 (1965). *See also Mason v. Tucker and Assocs.,* 125 Idaho 429, 432, 871 P.2d 846, 849 (Ct.App.1994). Petersen's motion satisfies neither the "particularity" nor the "relief or order sought" criteria of Rule 7(b), for it neither tells the claimant what grounds for objection he must be prepared to meet at the hearing nor discloses whether the relief sought is complete disallowance of all the requested fees and costs or only a portion thereof.

Petersen asserts that his motion to disallow attorney fees on its face provided adequate notice to Nanney and that the particular reasons for the objection could only be detailed at the hearing on his motion because, until Nanney's counsel could be examined, it could not be known whether the fee agreement was on a per-hour or a contingency basis or whether the amount of time spent was reasonable. We find this argument to be without merit. The affidavit submitted by Nanney's counsel presents a detailed accounting of the services provided and states that "attorney fees were calculated on a fixed hourly basis ... at the fixed hourly rate of $90.00 per hour." If Petersen believed that the fee should have been calculated on a contingency basis, it could have so stated in its motion even without full knowledge of the arrangement between Nanney and his attorney.

In prior cases we have held that potential grounds for an objection to a cost memorandum are waived if they were not included in the stated bases for the motion to disallow costs or fees filed with the trial court. *Devine v. Cluff,* 110 Idaho 1, 5, 713 P.2d 437, 441 (Ct.App.1985) (holding that challenge to the amount of attorney fees was not preserved for appeal where appellant's objection challenged only the entitlement to fees); *Camp v. Jiminez,* 107 Idaho 878, 883, 693 P.2d 1080, 1085 (Ct.App.1984) (holding that because appellant's initial objection in trial court did not mention lack of verification of the cost memorandum, objection on that basis was not timely). Accordingly, when no ground for objection at all is stated in the motion, none is preserved.

Petersen's motion to disallow fees did not comply with I.R.C.P. 7(b)(1), 54(d)(6) and 54(e)(6) because the motion did not specify any basis or grounds for the objection. We therefore find no error in the trial court's order striking the motion.

## C. Attorney Fees on Appeal

Nanney is entitled to recover attorney fees incurred on appeal pursuant to I.C. Section 12–120(3), which mandates an award of fees to the prevailing party in any civil action to recover on a contract relating to the purchase of goods. Accordingly, attorney fees, as well as costs, are awarded to Nanney in an amount to be determined under I.A.R. 40 and 41.

## CONCLUSION

The district court properly granted partial summary judgment holding Petersen liable for breach of contract and conversion by wrongful repossession of the 1994 pickup. The district court also properly granted Nanney's motion to strike Petersen's motion to disallow attorney fees. The judgment of the district court is affirmed. Costs and attorney fees to respondent.

WALTERS, C.J., and PERRY, J., concur.