Gary Joseph HAYENGA, a minor child, by and through Jerry and Dixie HAYENGA, his parents and guardians, Plaintiff—Appellant,

v.

NAMPA SCHOOL DISTRICT NO. 131, a political subdivision of the state of Idaho; Nampa City Police Department, a political subdivision of the state of Idaho; Angela Weekes, Officer, Defendants—Appellees.

No. 03–35197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided Feb. 17, 2005.

John J. Janis, Hepworth Lezamiz & Janis, Boise, ID, for Plaintiff–Appellant.

John W. Kluksdal, Hepworth, Lezamiz & Janis, Brian K. Julian, Esq., Anderson Julian & Hull, Boise, ID, William A. Morrow, Esq., T. Guy Hallam, Esq., White Peterson, Nampa, ID, for Defendants–Appellees.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's decision to grant summary judgment. Fed R. Civ. P. 56(c); *Simon v. Union of Needletrades*, 322

## MEMORANDUM *

Gary Joseph Hayenga appeals the district court's grant of summary judgment to the defendants in this case arising out of a police officer's restraining and arresting a developmentally-disabled student, Hayenga, while he was in a special education class. Hayenga brought suit against the Nampa School District ("District") and the arresting officer, Angela Weekes, claiming that the District was negligent and that Weekes used excessive force against him in violation of the Fourth Amendment and 42 U.S.C. § 1983.

We affirm the district court's grant of summary judgment to the District on the ground that Hayenga failed to make the requisite showing that the District's negligence was the proximate cause of his injury. We affirm the district court's grant of summary judgment to Weekes, because she is entitled to qualified immunity.[1]

## I. Negligence Claim Against the School District

Hayenga contends that "[The District] breached its duty to protect [Hayenga] by acting contrary to its knowledge concerning the resolution of disciplinary problems with [Hayenga], and by allowing Officer Weekes to arrest [Hayenga]," thereby "creat[ing] an unreasonable risk, and a high degree of probability, that harm would result to [Hayenga]." Because Hayenga has failed to make the requisite showing that the District's actions were the proximate cause of his injury, his negligence claim does not survive summary judgment. *Thomson v. Idaho Ins. Agen-*

F.3d 602, 609 (9th Cir.2003). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 609–10.

*cy, Inc.,* 126 Idaho 527, 887 P.2d 1034, 1036 (1994) (indicating that "proximate causation" is an element of a negligence claim).[2]

■ In an attempt to forge a causal link between the District and Weekes's conduct, Hayenga argues that the District acted negligently by "allowing" Weekes to arrest Hayenga. However, the evidence shows that Weekes was a police officer employed by the police department, not a District employee, and that the District had no authority whatsoever over Weekes. Thus, the District breached no duty to Hayenga by "failing" to intervene.

■ To the extent Hayenga suggests that the District acted negligently by summoning Weekes or allowing her to enter the classroom, thus putting Weekes in a position where she could arrest Hayenga, Hayenga has not established that the District could have foreseen that Weekes would endanger or harm Hayenga, particularly considering that Weekes had been informed regarding non-invasive techniques to deal with Hayenga and had successfully calmed Hayenga in the past.

■ Taking another tack, Hayenga attempts to link Weekes's actions to the District, claiming that the District was responsible for her actions under the doctrine of "apparent authority." However, even assuming that Weekes was the District's apparent agent, *see Adkison Corp. v. Am. Bldg. Co.,* 107 Idaho 406, 690 P.2d 341, 343–44 (1984)—an issue that we do not decide—and that Hayenga reasonably could have believed that Weekes was acting pursuant to her authority as an agent of the District in this instance, the doctrine of apparent authority has no place here.

Hayenga has failed to establish a key component of a negligence claim based on "apparent authority": reliance. *See Landvik v. Herbert,* 130 Idaho 54, 936 P.2d 697, 701–03 (1997).

## II. 42 U.S.C. § 1983 Claim Against Officer Weekes[3]

Hayenga's § 1983 claim against Weekes is barred by the doctrine of qualified immunity, because "the law at that time did not clearly establish that the officer's conduct would violate the Constitution." *Brosseau v. Haugen,* — U.S. —, —, 125 S.Ct. 596, 599, 160 L.Ed.2d 583 (2004) (per curiam); *see also Saucier v. Katz,* 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (establishing two-pronged test that guides the sequence and substance of our progressive inquiry).

As a threshold matter, we must determine whether, viewing the facts in the light most favorable to Hayenga, Weekes violated his constitutional rights. Saucier, 533 U.S. at 200–01, 121 S.Ct. 2151. We analyze claims of excessive force in the arrest context under the Fourth Amendment's "objective reasonableness" standard, determining "reasonableness" by "careful[ly] balancing ... the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotation marks omitted).

■ In general terms, the situation may be summarized as follows: Hayenga, a developmentally disabled boy recently diag-

---

**2.** The district court granted summary judgment on the ground that Idaho Code section 6–904(3) immunizes the District from suit. Because we affirm the district court's decision based on Hayenga's failure to make a showing sufficient to establish an essential element of his claim, we need not reach this issue.

**3.** We review de novo the district court's determination regarding qualified immunity. *Deorle v. Rutherford,* 272 F.3d 1272, 1278 (9th Cir.2001).

nosed with Asperger's syndrome, disrupted his classroom by continuously tapping on his desk and being verbally aggressive toward teachers. School staff summoned Weekes for help. Twice in the previous two weeks, Weekes had observed Hayenga being verbally and physically aggressive with school staff—and in one such episode, had been hit by Hayenga, perhaps accidentally, while trying to calm him.

On this occasion, school staff responded to Hayenga's behavior by ordering the room cleared of other students. In her attempt to block his exit, Weekes—who knew of Hayenga's disability—ultimately resorted to force: she took him to the ground, handcuffed him, and, with the help of other officers, hobbled his legs and sent him to the hospital on a mental hold. In the meantime, Hayenga continually complained of pain, struggled against his confinement, and remained verbally aggressive.

Recognizing that Weekes's view of the facts presents a different story and resolving all factual disputes in Hayenga's favor, we conclude that "the type and amount of force inflicted" was excessive. *Headwaters Forest Def. v. County of Humboldt,* 240 F.3d 1185, 1198 (9th Cir.2000) (quoting *Chew v. Gates,* 27 F.3d 1432, 1440 (9th Cir.1994)), *vacated on other grounds by* 534 U.S. 801, 122 S.Ct. 24, 151 L.Ed.2d 1 (2001).

The next issue is whether, even if Weekes's conduct violated Hayenga's Fourth Amendment rights, she is nonetheless entitled to qualified immunity because Hayenga's right was not clearly established at the time the incident occurred, February 25, 2000, such that "it would be clear to a reasonable officer that [her] conduct was unlawful in the situation [she] confronted." *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. We conclude that Hayenga's right to be free from the unnecessary and intrusive force that Weekes used against

him was not clearly established as of February 25, 2000. *Id.* at 202, 121 S.Ct. 2151. No case "squarely governs the case here," *Brosseau,* —— U.S. at ——, 125 S.Ct. at 600, rather the general Fourth Amendment cases and even those in the school context suggest that Weekes's conduct fell into the "hazy border between excessive and acceptable force," *Saucier,* 533 U.S. at 206, 121 S.Ct. 2151.

AFFIRMED.