# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33571

MICHAEL MIHALKA and LINDA )
MIHALKA, husband and wife, )
)  **Boise, February 2008 Term**
    Plaintiffs-Respondents. )
)  **2008 Opinion No. 45**
v. )
)  **Filed: March 28, 2008**
EUGENE SHEPHERD and JONI )
SHEPHERD, husband and wife, )  **Stephen Kenyon, Clerk**
)
    Defendants-Appellants. )

Appeal from the District Court of the Third Judicial District of the State of Idaho, Gem County. Honorable Renae J. Hoff, District Judge.

The decision of the district court is <u>affirmed</u>.

Hamilton, Michaelson & Hilty, LLP, Nampa, for appellants. Bryan K. Walker argued.

Stoel Rives, LLP, Boise, for respondents. Mark S. Geston argued.

_____

HORTON, Justice

This appeal arises from an award of costs and attorney fees pursuant to a settlement agreement. Eugene and Joni Shepherd appeal from the district court's decision awarding costs and attorney fees to Michael and Linda Mihalka. We affirm the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are next-door neighbors and own adjoining parcels of land. On April 9, 2004, the Mihalkas filed suit against the Shepherds alleging breach of covenants and restrictions, nuisance, trespass, and aggravated assault.[1] The parties participated in mediation wherein they agreed to settle and dismiss the suit. The agreement was set forth in a handwritten document ("the settlement agreement") prepared by the mediator and signed by both parties. The

---

[1] On November 29, 2005, the Shepherds filed a separate suit against the Mihalkas alleging libel, malicious injury to property, conversion, and intentional infliction of emotional distress. That suit was eventually settled when the Mihalkas agreed to pay the Shepherds $5,000 in exchange for dismissal of the action.

settlement agreement called for the parties to prepare a consent decree and permanent injunction consistent with the terms of their agreement. However, despite the parties' participation in two additional settlement conferences, the second of which was attended only by the parties' attorneys, the parties were unsuccessful in their efforts to craft the consent decree. The Mihalkas then filed a motion to enforce the settlement agreement.

The district court declined to hear the Mihalkas' motion; rather, the district court required the Mihalkas to file a motion for summary judgment in order to enforce the settlement agreement. The district court did not require the Mihalkas to amend their complaint in order to pursue summary judgment based upon the settlement agreement. The Shepherds also filed a motion for summary judgment. After both parties had lodged their respective motions for summary judgment, the parties realized that the Mihalkas had not included the entire settlement agreement in conjunction with their motion for summary judgment. A missing page of that document, pertaining to costs and attorney fees, was obtained from the mediator. Thereafter, the complete settlement agreement was lodged with the district court. The district court determined that the settlement agreement was enforceable against both parties. The court granted the Mihalkas' motion for summary judgment and denied the Shepherds' motion for summary judgment.

The Mihalkas filed a petition for an award of costs and attorney fees pursuant to a provision in the settlement agreement that provided for an award of costs and attorney fees in the event that a party was required to file an action to enforce the agreement. At the first hearing on the Mihalkas' request for costs and fees, the district court found that the Mihalkas were entitled to an award of costs and attorney fees. However, the district court discovered errors in the Mihalkas' petition. The district court ordered the Mihalkas to file a revised memorandum of costs and attorney fees limited to those costs and attorney fees incurred in the enforcement of the settlement agreement.

The Mihalkas filed a revised petition for costs and attorney fees with the district court on July 19, 2006. The district court addressed the Mihalkas' revised petition at the same hearing in which it considered the Shepherds' motion to reconsider the determination that the Mihalkas were entitled to an award of costs and attorney fees. At this hearing, the district court again found errors in the Mihalkas' claim for attorney fees. The district court ordered the Mihalkas to purge certain fees and reduce others. The Mihalkas filed a second amended petition for costs

and attorney fees on September 20, 2006, seeking $419.22 in costs and $22,128.20 in attorney fees. The district court awarded the Mihalkas costs and attorney fees in the amount of $22,547.42. The Shepherds timely appealed.

## II. STANDARD OF REVIEW

The determination whether a party is a prevailing party is committed to the discretion of the trial court and we review that determination for an abuse of discretion. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 718-19, 117 P.3d 130, 132-33 (2005) (citing *Burns v. Baldwin*, 138 Idaho 480, 486-87, 65 P.3d 502, 508-509 (2003). The party appealing a trial court's award of attorney fees bears the burden of demonstrating a clear abuse of the trial court's discretion. *U.S. Bank Nat'l Ass'n v. Kuenzli*, 134 Idaho 222, 228, 999 P.2d 877, 883 (2000) (citing *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350-51, 766 P.2d 1227, 1231-32 (1988).

## III. ANALYSIS

I.R.C.P. 54(e)(1) provides that in any civil action, a court may award reasonable attorney fees to the prevailing party as defined in I.R.C.P. 54(d)(1)(B), when provided for by any statute or contract. The district court found that the settlement agreement was a contract that authorized an award of costs and attorney fees to the prevailing party in an action to enforce the agreement. The Shepherds argue: (1) that the district court abused its discretion when it determined that the Mihalkas were the prevailing party below; (2) that the plain language of the settlement agreement does not provide for costs and attorney fees under the instant circumstances; and (3) that the district court did not consider the factors set forth in I.R.C.P. 54(e)(3) when determining the amount of the award for costs and attorney fees. Both parties request attorney fees on appeal.

### A. The district court did not abuse its discretion when it found that the Mihalkas were the prevailing party.

The Shepherds argue that the district court did not consider the factors set forth in I.R.C.P. 54(d)(1)(B) when it determined the Mihalkas were the prevailing party and awarded them costs and attorney fees. I.R.C.P. 54(d)(1)(B) guides the courts of this state in the determination whether a party may be deemed to be a prevailing party. I.R.C.P. 54(e)(1) authorizes an award of reasonable attorney fees to a prevailing party as defined in I.R.C.P. 54(d)(1)(B) when provided for by any statute or contract. The latter rule provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of

3

the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

A district court's determination whether a party is a prevailing party will not be disturbed on appeal absent an abuse of discretion. *Puckett v. Verska*, 144 Idaho 161, 170, 158 P.3d 937, 946 (2007) (citing *West Wood Invs., Inc. v. Accord*, 141 Idaho 75, 88, 106 P.3d 401, 414 (2005). Abuse of discretion is determined by a three-part inquiry that asks whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 76, 156 P.3d 573, 577 (2007). The Shepherds argue that the district court failed to consider the final result of the action in relation to the relief sought by the Mihalkas, and therefore, its decision was not reached by an exercise of reason.

As noted, the district court awarded the Mihalkas costs and attorney fees incurred in connection with their efforts to enforce the settlement agreement. We conclude that the district court considered the relief sought with the relief actually granted when it found that the Mihalkas were the prevailing party. The district court stated:

> The [Mihalkas] should be awarded attorney's fees and costs as sought after they were required to file the motion for summary judgment to enforce the agreement. I find the attorney fee provision is cogent and applicable. The settlement agreement specifically states that should a party have to enforce the agreement, that party shall be entitled to attorney's fees and costs.

The record indicates that the district court was cognizant that the Mihalkas were seeking to recover the costs and attorney fees incurred in their effort to enforce the settlement agreement.

The Shepherds, however, argue that the district court should have compared the relief sought by the Mihalkas in their complaint with the relief that was actually granted. The Mihalkas' complaint alleged claims based upon: (1) a breach of covenants and restrictions; (2) nuisance; (3) trespass; and (4) aggravated assault. Once the parties entered into the settlement agreement, however, the nature of the action changed. Instead of pursuing the claims advanced in their complaint, the Mihalkas sought to enforce the settlement agreement and dismiss the action.

In *Goodman v. Lothrop*, 143 Idaho 622, 151 P.3d 818 (2007), we addressed the effect of a settlement reached in mediation. We held that:

> [t]he agreement supersedes and extinguishes all pre-existing claims the parties intended to settle. "In an action brought to enforce an agreement of compromise and settlement, made in good faith, the court will not inquire into the merits or validity of the original claim." All that remains before this Court is the question of the validity and enforceability of the mediation agreement at issue.

143 Idaho at 625, 151 P.3d at 821 (quoting *Wilson v. Bogert*, 81 Idaho 535, 542, 347 P.2d 341, 345 (1959) (citations omitted)).

We did observe that because a settlement agreement is a new contract settling an old dispute, it is better practice for litigants to amend their pleadings to add a cause of action for breach of contract rather than, as here, filing a motion for summary judgment. *Id*. at 626 n.3, 151 P.3d at 822 n.3. Nevertheless, we recognized that a party may ask the trial court to enforce a settlement reached in mediation before the original suit is dismissed. *Id*. at 626, 151 P.3d at 822.

In this appeal, the Shepherds do not challenge the district court's determination that the settlement agreement was an enforceable agreement of the parties. Thus, we are asked to determine whether a district court may conclude that a party to a settlement agreement who successfully enforces that agreement may be deemed to be a prevailing party. We conclude that the interests of litigants and judicial economy are such that a party need not initiate a new civil lawsuit based upon a settlement agreement in order to be deemed a prevailing party. In such instances, the proceedings before the district court no longer relate to the original pleadings. Rather, the focus of the proceedings turns to the parties' rights and duties under the terms of the settlement agreement. We hold that a trial court may properly conclude that the party prevailing on issues relating to a settlement agreement is a prevailing party for purposes of I.R.C.P. 54(d)(1)(B).

In the present case, the Shepherds unsuccessfully attempted to avoid the terms of the settlement reached in mediation. The Mihalkas were required to seek judicial enforcement of that agreement. Under these circumstances, we conclude that the district court did not abuse its discretion when it found that the Mihalkas were the prevailing party in the proceedings to enforce the settlement agreement.

**B. The plain language of the settlement agreement provided for costs and attorney fees under the instant circumstances.**

5

The Shepherds assert that the district court erred when it determined that the terms of the settlement agreement provided for an award of costs and attorney fees. We disagree. When construing a settlement agreement, normal rules of contract construction apply. *Bondy v. Levy*, 121 Idaho 993, 996, 829 P.2d 1342, 1345 (1992). "[I]f the language of the contract is plain and unambiguous, the intention of the parties must be determined from the contract itself." *Rowan v. Riley*, 139 Idaho 49, 54, 72 P.3d 889, 894 (2003) (citing *Simons v. Simons*, 134 Idaho 824, 827, 11 P.3d 20, 23 (2000). In this case, we conclude that the district court properly interpreted the plain language of the contract.

The Shepherds first argue that the district court failed to examine the actual language in the settlement agreement and instead relied upon an affidavit that misquotes the language in the agreement. However, the record indicates that the district court relied on the language in the settlement agreement and not the language in the affidavit. At the hearing for the Mihalkas' petition for fees and costs, the district court referenced the page upon which the attorney fees provision is located and gave its interpretation of that provision. Therefore, we conclude that the district court properly considered the language of the settlement agreement when it awarded fees and costs to the Mihalkas.

The Shepherds next argue that the plain language of the settlement agreement does not provide for the recovery of attorney fees and costs in this situation. The pertinent language in the settlement agreement provides:

> Enforcement of consent decree: No action to enforce terms hereof until [sic] offending party has been given 30 days notice and opportunity to cure.

> If action is ~~required~~ commenced, prevailing party is entitled to costs and attorney fees.

The word "required" was crossed out and replaced with the word "commenced" when the agreement was written by the mediator.

The Shepherds argue that I.R.C.P. 3(a) should guide this Court's interpretation of the settlement agreement because Rule 3(a) contains the words "commence" and "action." However, under a plain language analysis, this Court may only consider the pertinent language in the settlement agreement when construing the meaning of the agreement. If we were to import the language of I.R.C.P. 3(a) into this analysis, the effect would be to take our inquiry outside of the plain language of the document.

6

Our decision in *Lettunich v. Lettunich*, 141 Idaho 425, 111 P.3d 110 (2005), is applicable to the present appeal. In *Lettunich*, the plaintiff filed an application with the district court to dissolve a partnership. *Id*. at 428, 111 P.3d at 113. Subsequently, the parties engaged in mediation and entered into a settlement agreement, which provided that a dispersing agent would wind up and terminate the partnership. *Id*. The defendant, however, filed a variety of motions and bankruptcies in order to prevent the dispersing agent from selling the partnership assets and winding up the partnership. *Id*. The settlement agreement provided in relevant part: "In the event of any legal action to enforce the terms of this settlement agreement, the prevailing party shall be entitled to an award of costs including attorney fees." *Id*. at 434, 111 P.3d at 119. The district court granted the plaintiff an award of costs and attorney fees incurred while contesting the defendant's motions and enforcing the settlement agreement. *Id*. at 429, 111 P.3d at 114. On appeal, we concluded that the hearings on the contested motions constituted an "action" within the meaning of the settlement agreement because the hearings related "to issues tried at some point or another to the district court." *Id*. at 434, 111 P.3d at 119. Consequently, we upheld the district court's award of costs and attorney fees to the plaintiff.

Similarly, in this case, the Mihalkas' motion for summary judgment to enforce the settlement agreement was brought before the district court. Bringing the enforcement proceedings constituted the "commencement" of an "action" within the meaning of the settlement agreement.

On appeal, the Shepherds argue for the first time that the interpretation of the word "commenced" refers to the filing of a complaint because the settlement agreement contains a condition precedent requiring the enforcing party to provide 30 days notice to the offending party so that the offending party might cure any breach of the agreement. An issue raised for the first time on appeal will not be considered by this Court. *McPheters v. Maile*, 138 Idaho 391, 397, 64 P.3d 317, 323 (2003). Accordingly, we decline to address this argument.

The Shepherds also attempt to distinguish the instant action from *Lettunich* based on the fact that, unlike in *Lettunich*, the instant action did not involve a breach of a condition of the settlement agreement and instead involved a challenge to the validity of the entire settlement agreement. The Shepherds argue that the district court failed to find that a breach of the terms of the settlement agreement had occurred, which triggered either party's entitlement to enforce the settlement agreement and obtain an award of costs and attorney fees. The Shepherds attempt to

7

make a distinction between a breach of a condition in the settlement agreement, and a wholesale repudiation of the settlement agreement. We do not find this argument persuasive.

Finally, the Shepherds argue that the district court failed to conduct the necessary factual inquiry into the intent of the parties. However, if the language of a contract is plain and unambiguous the intent of the parties must be determined from the contract itself. *Bilow v. Preco, Inc*., 132 Idaho 23, 28, 966 P.2d 23, 28 (1998). We find no ambiguity in the parties' choice of language. Therefore, the district court was not required to conduct a factual inquiry into the intent of the parties and it properly concluded that the parties' settlement agreement provided for an award of costs and attorney fees incurred in the enforcement proceedings.

### C. The district court properly applied the criteria of I.R.C.P. 54(e)(3) when determining the award of attorney fees.

The Shepherds argue that the district court failed to properly consider the criteria set forth in I.R.C.P. 54(e)(3) when it awarded attorney fees to the Mihalkas. The calculation of the amount of the award of attorney fees is committed to the sound discretion of the district court. *Lettunich*, 141 Idaho at 435, 111 P.3d at 120 (citing *Eastern Idaho Agricultural Credit Ass'n v. Neibaur*, 133 Idaho 402, 987 P.2d 314 (1999)). I.R.C.P. 54(e)(3) provides:

> In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
>
> > (A) The time and labor required.
> > (B) The novelty and difficulty of the question.
> > (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
> > (D) The prevailing charges for like work.
> > (E) Whether the fee is fixed or contingent.
> > (F) The time limitations imposed by the client or the circumstances of the case.
> > (G) The amount involved and the results obtained.
> > (H) The undesirability of the case.
> > (I) The nature and length of the professional relationship with the client.
> > (J) Awards in similar cases.
> > (K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.
> > (L) Any other factor which the court deems appropriate in the particular case.

8

Rule 54(e)(3) employs the term "shall" and is mandatory. The rule requires the district court to consider all eleven factors plus any other factor it deems appropriate. *Lettunich*, 141 Idaho at 435, 111 P.3d at 120.

The district court did not discuss each factor from I.R.C.P. 54(e)(3) in its oral ruling granting attorney fees, nor did it issue a written finding articulating application of each criterion set forth in the rule. In *Parsons v. Mut. Of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007) we noted that "the 'court need not specifically address all of the factors contained in I.R.C.P. 54(e)(3) in writing, so long as the record clearly indicates that the court considered them all.'" (quoting *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002)). Based upon our review of the record, we are satisfied that the district court considered the pertinent factors in I.R.C.P. 54(e)(3).

Both parties submitted briefing to the district court that contained an analysis of eight of the I.R.C.P. 54(e)(3) factors. The parties discussed:

1. 54(e)(3)(A) - The time and labor required;

2. 54(e)(3)(B) - The novelty and difficulty of the question;

3. 54(e)(3)(C) - The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;

4. 54(e)(3)(D) - The prevailing charges for like work;

5. 54(e)(3)(G) - The amount involved and the results obtained;

6. 54(e)(3)(H) - The undesirability of the case;

7. 54(e)(3)(K) - The reasonable cost of automated legal research; and

8. 54(e)(3)(L) - Any other factor which the court deems appropriate in the particular case. Regarding this factor, the parties discussed the confusion in the case arising from the Mihalkas' motion for summary judgment before the missing page from the mediation settlement was submitted to the district court.

The district court also discussed three factors from I.R.C.P. 54(e)(3) when it reviewed the Mihalkas' Petition for Fees and Costs and Revised Memorandum for Fees and Costs, one of which, I.R.C.P. 54(e)(3)(F), was not discussed by the parties in their briefing. The district court considered the factors in Rules 54(e)(3)(F), 54(e)(3)(A), and 54(e)(3)(D), respectively, when it disallowed certain attorney fees that it believed were incurred prior to enforcement of the settlement agreement, reduced certain charges because the time and labor required was excessive, and considered the hourly rates charged by the attorneys and paralegals. Thus, we

9

conclude that the record reflects the district court's consideration of, and compliance with, the requirements of I.R.C.P. 54(e)(3).

**D.  The Mihalkas are entitled to an award of attorney fees on appeal.**

We conclude that the Mihalkas are the prevailing parties on this appeal.  They are entitled to an award of attorney fees incurred in this appeal pursuant to the terms of the settlement agreement.

## IV. CONCLUSION

We affirm the decision of the district court finding that the Mihalkas were the prevailing party below and awarding costs and attorney fees to the Mihalkas.  Costs and attorney fees are awarded to the Mihalkas on appeal.


Chief Justice EISMANN, Justices BURDICK, J. JONES and Justice Pro Tem TROUT **CONCUR**.