FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN D'AMATO; PAUL D'AMATO, as partners of Sisbro I, Sisbro II, and Sisbro III, <br><br>          Plaintiffs - Appellants, <br>  v. <br><br> REGINA LILLIE; GERALD LILLE, as partners of Sisbro I, Sisbro II, and Sisbro III, <br><br>          Defendants - Appellees. | No. 08-35888 <br><br> D.C. No. 2:06-cv-00314-EFS <br><br><br> MEMORANDUM[*] |
| BRIAN D'AMATO; PAUL D'AMATO, as partners of Sisbro I, Sisbro II, and Sisbro III, <br><br>          Plaintiffs - Appellees, <br><br>   v. <br><br> REGINA LILLIE; GERALD LILLE, as partners of Sisbro I, Sisbro II, and Sisbro III, <br><br>          Defendants - Appellants. | No. 08-35980 <br><br> D.C. No. 2:06-cv-00314-EFS |

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| BRIAN D'AMATO, as partner of Sisbro I, Sisbro II, and Sisbro III; PAUL D'AMATO, as partners of Sisbro I, Sisbro II, and Sisbro III, | No. 09-35966<br><br>D.C. No. 2:06-cv-00314-EFS |
|---|---|
| Plaintiffs - Appellants,<br><br>v.<br><br>REGINA LILLIE, as partner of Sisbro I, Sisbro II, and Sisbro III; GERALD LILLE, as partner of Sisbro I, Sisbro II, and Sisbro III,<br>Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted June 10, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

This consolidated appeal concerns three family-owned limited partnerships which own and operate a chain of hair salons in Washington and Idaho. In No. 08-35888, Paul D'Amato and Brian D'Amato ("the D'Amatos") raise several challenges to the district court's handling of their breach of contract action against Gerald Lillie and Regina Lillie ("the Lillies"). The D'Amatos also appeal the district court's award of attorneys' fees to the Lillies in No. 09-35966. In No. 08-35980, the Lillies cross-appeal on several grounds in the event that we grant the

2

D'Amatos any relief in No. 08-35888. The district court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts and we do not repeat them here except as necessary to explain our decision. We affirm the judgment in No. 08-35888, and consequently dismiss No. 08-35980 as moot, but we vacate the district court's order in No. 09-35966 and remand for clarification of the attorneys' fees award.

*No. 08-35888*

The D'Amatos first challenge the district court's denial of their two motions for summary judgment on the question whether the Lillies breached the three limited partnership agreements ("the Agreements"). Although we normally lack jurisdiction to review the denial of a motion for summary judgment after a full trial on the merits, that general rule does not apply where the appellant argues that "the district court made an error of law that, if not made, would have required the district court to grant the motion." *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004). Nonetheless, it is unnecessary for us to resolve the question whether that exception applies here, because any error in denying the D'Amatos' motion for summary judgment was rendered harmless by the jury's finding that the Lillies breached the Agreements.

3

Similarly, any error in the introduction at trial of extrinsic evidence of the contracting parties' intent was harmless in light of the jury's finding of breach.[1] Moreover, much of the challenged evidence was independently admissible to prove damages.

We also conclude that the jury instruction on the Lillies' theory of unjust enrichment was proper under Washington law.[2] The D'Amatos argue that, in light of the valid, express contracts governing the partnerships, an unjust enrichment recovery was unavailable to the Lillies. The D'Amatos rely upon *Young v. Young*, 191 P.3d 1258 (Wash. 2008) (en banc), where the Washington Supreme Court stated that "[u]njust enrichment is the method of recovery for the value of the

---

[1] "A party seeking reversal for evidentiary error must show that the error was prejudicial, and that the verdict was 'more probably than not' affected as a result." *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir. 2003)).

[2] On appeal, the D'Amatos argue for the first time that Idaho law should govern the resolution of this issue. The D'Amatos waived reliance on Idaho law by failing to argue in the district court that Idaho law governed the availability of an unjust enrichment recovery. *See, e.g.*, *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 666 (9th Cir. 2009); *Babb v. Schmidt*, 496 F.2d 957, 960 (9th Cir. 1974).

We generally review civil jury instructions for abuse of discretion, but we review de novo the question whether the legal requirements underlying the jury instruction were satisfied. *Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir. 2001). We also review questions of state law de novo. *Ortiz v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 852 F.2d 383, 386 (9th Cir. 1987).

benefit retained *absent any contractual relationship* because notions of fairness and justice require it." *Id.* at 1262 (emphasis added). But while *Young* sought to "conceptually clarify" the law of unjust enrichment and quantum meruit, it did not purport to change the existing law of unjust enrichment. *See id.* at 1261. The passage in *Young* upon which the D'Amatos rely is simply a more succinct expression of the Washington high court's previously established rule that "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract *relating to the same matter*, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943) (emphasis added). Here, the contested instruction required the jury to find that the Lillies conducted work outside of the scope of the contract **ER286**, so the unjust enrichment offset to the jury's damages award did not "relat[e] to the same matter" as the express Agreements. *Id.* at 103; *see also Pierce County v. State*, 185 P.3d 594, 618-19 (Wash. Ct. App. 2008). Therefore, we find no error in the district court's unjust enrichment instruction.

The D'Amatos next argue that the district court erred in refusing to instruct the jury on the fiduciary duties of general partners. Any error in failing to give this instruction was harmless. The jury found that the Agreements were breached, and

5

the D'Amatos acknowledged in the district court that their damages would have been exactly the same under a breach of fiduciary duties theory.

The D'Amatos also argue that the district court erred in dismissing part of their breach of contract claims as time-barred.[3]  Specifically, the D'Amatos argue that the district court should have tolled the statute of limitations under the discovery rule.  Under the discovery rule, "the cause of action accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action."  *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (Wash. 2006) (en banc).  The district court properly applied the mailbox rule in presuming that the D'Amatos received partnership financial statements mailed by the Lillies, *see Olson v. The Bon, Inc.*, 183 P.3d 359, 363 (Wash. Ct. App. 2008), and did not clearly err in concluding that those statements were sufficient to put a reasonable person on notice that the Lillies were paying themselves salaries exceeding those authorized by the Agreements.

---

[3] We review de novo the district court's dismissal of claims on statute of limitations grounds.  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  However, where "the accrual of the statute of limitations in part turns on what a reasonable person should have known, we review this mixed question of law and fact for clear error."  *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990).

Accordingly, we affirm the judgment in No. 08-35888, and we dismiss the

Lillies' cross-appeal in No. 08-35980 as moot.

*No. 09-35966*

The D'Amatos also challenge the district court's order designating the

Lillies the prevailing party and awarding them attorneys' fees and costs related to

the defense of the limited partnership SISBRO III, which is organized in Idaho.[4]

The district court did not abuse its discretion under Idaho law in designating

the Lillies the prevailing party, despite the jury's verdict that the Lillies breached

the SISBRO III Agreement.  In a similar situation, the Idaho Supreme Court

upheld a trial court's determination that the defendant was the prevailing party

where the verdict was in favor of the plaintiff, but the plaintiff was awarded only

nominal damages, rather than the $250,000-plus damages sought.  *See Odziemek v.*

*Wesely*, 634 P.2d 623, 623-24 (Idaho 1981).  Here, not only were the D'Amatos

awarded no net damages, but the district court also dismissed many of their claims.

---

[4] We review for abuse of discretion the district court's award of attorneys' fees under state law, although we review the district court's interpretation and application of the relevant state statute de novo.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  We review underlying factual determinations for clear error.  *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1005 (9th Cir. 2002).

7

The D'Amatos also challenge the district court's decision to award attorneys' fees for work benefitting the defense of all three limited partnerships, rather than awarding only those fees that were accrued solely for the defense of claims relating to SISBRO III. The district court's method of calculating the amount of the attorneys' fees award was proper. "The calculation of the amount of the award of attorney fees is committed to the sound discretion of the district court." *Mihalka v. Shepherd,* 181 P.3d 473, 479 (Idaho 2008). Idaho Rule of Civil Procedure 54(e)(3) instructs trial courts to consider eleven specific factors in determining the amount of an award of attorneys' fees, plus "[a]ny other factor which the court deems appropriate in the particular case." Idaho R. Civ. Pro 54(e)(3)(L). Rule 54(e)(3) does not require that an award of attorneys' fees be narrowly limited to work implicating only matters of Idaho law, and neither the D'Amatos nor we have identified any Idaho case imposing such a limitation on the trial court's discretion. Nor did the district court err in considering that some work done for SISBRO I and SISBRO II fairly benefitted SISBRO III, as an additional "appropriate" factor under Rule 54(e)(3)(L). The district court's conclusion that much of the work of the Lillies' attorneys benefitted the defense of either all three partnerships or SISBRO III in particular was not clearly erroneous. Thus, in

principle, the district court did not err in determining what portion of the Lillies' attorneys' fees to award.

The district court's order, however, does not clearly state the amount of the award. The district court indicated that the Lillies requested $288,488.85 in attorneys' fees. **ER921.** The district court first stated that "[d]efense attorney fees in the sum of $215,933.33 shall be taxed as costs." **ER920.** The order later stated, however, that it would be "reasonable to reduce the claimed hours by fifty percent in order to award reasonable attorney fees spent to defend claims relating to SISBRO III," **ER923** which would suggest an award of $144,244.43. Nonetheless, in the following paragraph, the district court awarded $215,963.40, which it indicated reflected the elimination of one specific disputed fee, plus a twenty-five percent reduction of the resulting total. **ER924 & n.2.** Then, in the order's conclusion, the court ordered, without further explanation, that the "Clerk of Court shall tax $161,950.00 in defense fees as costs." **ER924**.

Neither we nor the parties are able to discern the amount of the Lillies' attorneys' fees award from the district court's order. Accordingly, we vacate the attorneys' fee award and remand to the district court to clarify the amount of the Lillies' attorneys' fees to be taxed against the D'Amatos as costs, as well as its reasoning for arriving at that amount.

The judgment in No. 08-35888 is **AFFIRMED.**  The order in No. 09-35966 is **VACATED** and **REMANDED** to the district court with instructions.  No. 08-35980 is **DISMISSED.**